IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-07-029 OWW |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| | ) | ORDER DENYING PETITIONER'S |
| Plaintiff/ | ) | MOTION TO REVIEW AND CORRECT |
| Respondent, | ) | PRESENTENCE INVESTIGATION |
| | ) | REPORT (Doc. 23) |
| vs. | ) | |
| | ) | |
| ALPHEOUS GORDON, | ) | |
| | ) | |
| | ) | |
| Defendant/ | ) | |
| Petitioner. | ) | |
| | ) | |
| | ) | |

On December 20, 2008, Petitioner Alpheous Gordon, a federal prisoner proceeding *in pro per*, filed a motion pursuant to "Rule 8, and Rule 7" for an evidentiary hearing.  Petitioner's motion asserts:

> Motion to review P.S.I, misinformation by both P.S.I. Officers, First officer from the State of Connecticut, give false, information, to the State of Fresno, California, District Court, which is false information, stated that in the Connecticut case, Mr. O. Owen testify!  Which is False Statement!  And mis information, by the P.S.I. officer of the Court, of Ct.  See

1

> J.O.C., attached, stated, Mr. Owens, Pleaded to All 4 Counts, in court, that was my court date, so that False, Statement, is mis information, is to be corrected by Fresno Cal., District Court, Presentence Report, Officers, Mr. Jack C. Roberson, and Mr. James E. Herbert. [sic]

Petitioner appears by this motion to re-open and correct the Presentence Investigation Report submitted in connection with this case.

Petitioner pleaded guilty pursuant to a written Plea Agreement to two counts of possession of a prohibited object, a weapon, in federal prison, in violation of 18 U.S.C. § 179(a)(2)(B)(3).  Pursuant to the Plea Agreement, Petitioner waived "any right to appeal his sentence, directly or subsequently, provided that the sentencing court accepts the stipulations between the parties and follows the recommendations of the government as set forth below."  Petitioner was sentenced on October 15, 2007 to 60 months on Count One, and 36 months on Count Two, to be served consecutively to each other and served consecutively to the undischarged term imposed in case 99CR00290-002.  Petitioner did not file an appeal.

Petitioner's instant motion is very obscure.  The Presentence Investigation Report submitted in connection with this offense makes no representations whatsoever that "Mr. O. Owens" testified in criminal proceedings in Connecticut."  Paragraphs 57-60 of the Presentence Investigation Report refer referring to Petitioner's conviction in *United States v. Orville Owens and Earl Josephs,* No. 3:99-cr-00290-EBB, United States

District Court for the District of Connecticut.  Paragraph 59 refers to the Presentence Investigation Report issued in connection with Petitioner's conviction in the District of Connecticut, but makes no mention or representation that Petitioner testified in those criminal proceedings.  A copy of the District of Connecticut Presentence Investigation Report was not attached to the Presentence Investigation Report submitted in this action.

   The Court is unaware of any authority permitting it to correct a Presentence Investigation Report issued in another criminal case in another United States District Court. Further, the reference in the Presentence Investigation Report to the Presentence Investigation Report issued in connection with the District of Connecticut criminal action was merely to advise the Court of the facts and circumstances of Petitioner's conviction in the District of Connecticut for the purpose of calculating Petitioner's criminal history category.  Whether or not Petitioner testified in the District of Connecticut criminal action was irrelevant to Petitioner's sentencing in this Court.

   Petitioner cannot proceed pursuant to 28 U.S.C. § 2255 to correct the Presentence Investigation Report issued in connection with the District of Connecticut conviction.  Petitioner makes no showing that he was unaware of the contents of the District of Connecticut Presentence Investigation Report at the time of his sentencing in this case.  A defendant waives the right to attack the presentence report through a Section 2255 motion when he

1  fails to do so contemporaneously or on direct appeal.  *United*
2  *States v. Donn*, 661 F.2d 820, 824 (9th Cir.1981); *see also United*
3  *States v. Schlesinger*, 49 F.3d 483 (9th Cir.1994).
4  　　　For the reasons stated, Petitioner's motion to review and
5  correct the Presentence Investigation Report is DENIED.
6  　　　IT IS SO ORDERED.
7  **Dated:   February 10, 2009**　　　　　　　　/s/ Oliver W. Wanger
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

4