UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff–Respondent,<br><br>　　v.<br><br>ALPHEOUS GORDON,<br><br>　　　　　Defendant–Movant. | No.  1:07-cr-00029-NONE-<br><br>ORDER DENYING MOTION FOR RESPONSE AND NOTIFYING PETITIONER OF THE CONSEQUENCES OF MOTION BROUGHT UNDER 28 U.S.C. § 2255<br><br>(Doc. No. 30) |

On July 27, 2021, Alpheous Gordon,[1] a federal prisoner proceeding *pro se*, filed a motion "requesting the [court] to respond to [defendant's] motion pending over 4 years now." (Doc No. 30 at 1.) In his pending motion, movant asserts violation of his rights under the Fifth Amendment, and possibly the Sixth Amendment as well. (*Id*. at 1.) Movant states that his trial counsel was ineffective, that counsel was removed from representation and placed on stand-by status, and that counsel later represented movant in the case against defendant's wishes, including in connection with the negotiation of defendant's plea agreement. (*Id*. at 1–2.) Specifically, movant references some "amended" deals or agreements that he seeks to contest. (*Id*. at 1–3.) Movant also suggests that more than one criminal case was implicated in the plea agreement in

---

[1] Alpheous Gordon is also known as Orville Owens.  (Doc. No. 6.)

1

this matter (perhaps implicating another jurisdiction or multiple jurisdictions).  (*Id*. at 2–3.)  Movant also alleges that the sentencing judge, who was not the undersigned, "abused [his] powers" and "was ineffective" for allowing trial counsel to represent movant "without notifying" movant.  (*Id*. at 2.)  Movant requests a new trial and appeal as relief.  (*Id*. at 2, 3.)  In the pending motion, movant does not reference specific proceedings or documents and does not state the facts or circumstances supporting his claims for relief under 28 U.S.C. § 2255.

Defendant Gordon was sentenced in this action back on October 15, 2007, to an aggregate term of imprisonment of 96 months and judgment was entered on October 18, 2007.  (Doc. Nos. 17, 18.)  First, despite movant's suggestion at the outset of his pending motion, the court notes that there are no motions pending in this matter other than the current filing.  In 2020, movant did submit two filings to the court purporting to raise numerous issues, which the court declined to construe as motions because the filings were in improper form.  (Doc. Nos. 26, 27.)  Potentially relevant here, in one of those filings, movant stated both that he did and that did *not* want to file an appeal or "2255 or 2254 or 2241" motions.  (Doc. Nos. 27 at 2, 4; 28 at 2.)  The mail containing the court's May 12, 2020 order addressing those filings was returned to the court by the U.S. Postal Service marked as "refused."  (Doc. No. 29.)  Thus, to the extent movant is requesting that the court respond to an alleged motion pending for over 4 years, the current motion is denied as it has no factual basis.

To the extent movant's filing may be construed as potentially raising an issue or issues that are properly cognizable under habeas corpus, and which issue or issues movant erroneously believes were previously taken under submission by the court for decision, movant may elect to proceed in three possible ways:  1)  movant may request that the court construe his current filing as a motion brought under 28 U.S.C. § 2255, since the issuesjk stated in the current motion may be cognizable under § 2255, and the court will rule based on the current filing, including consideration of the applicable statute of limitations; 2) movant may amend his motion and request that the court review the amended motion as a habeas petition, though movant will need to consider the applicable statute of limitations and include any argument for application of equitable tolling of that limitations period without guarantee that he will prevail on that argument;

2

or 3) movant may notify the court that he does not wish to have his current filing construed as a motion for habeas relief.

If movant fails to notify the court of his elected course of action, the court will deem that movant has elected *not* to have the court construe the present filing as a motion for habeas relief and the currently pending motion will be terminated without further review by the court.

The court cautions petitioner of the potential consequences of his choices in this regard. "As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (internal quotation marks and citation omitted). A § 2255 petitioner must present all grounds that the petitioner believes he or she has in one motion, because once the court rules on that motion, a second motion may only be filed with the permission of the appropriate appellate court.[2] Any subsequent § 2255 motion petitioner might file in the future will be subject to the restrictions on "second or successive" motions under the Antiterrorism and Effective Death Penalty Act.

/////

---

[2] The relevant statutes are 28 U.S.C. §§ 2244(a) and 2255(h). 28 U.S.C. § 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2255(h) provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

1    Under Federal Rule of Civil Procedure 15(a), a § 2255 movant or habeas petitioner may amend his or her pleading (§ 2255 motion or any kind of habeas petition) once as a matter of course. The Ninth Circuit has held that "when a *pro se* petitioner files a new [§ 2255 motion or habeas] petition in the district court while an earlier-filed [§ 2255 motion or habeas] petition is still pending, the district court must construe the new [§ 2255 motion or habeas] petition as a motion to amend the pending [§ 2255 motion or habeas] petition rather than as an unauthorized second or successive [§ 2255 motion or habeas] petition." *Goodrum v. Busby*, 824 F.3d 1188, 1192 (9th Cir. 2016) (alterations added). However, amendment of a habeas petition or § 2255 motion generally will not be permitted if the applicable one-year statute of limitations has run. *Perez-Serrano v. United States*, No. CR F 02-5190 AWI, 2007 WL 1834880, at *2 (E.D. Cal. June 26, 2007). Amendments that "relate[ ] back to the date of the original pleading," arising "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," will be permitted. Fed. R. Civ. P. 15(c)(1). An amendment "does not relate back (and thereby escape [the statutory] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

"[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Harris v. Carter*, 515 F.3d 1051, 1054 (9th Cir. 2008) (omitting footnote). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling [ ] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quotations and citation omitted). Although "[w]hat reasonable diligence . . . look[s] like . . . varies based on the specifics of the case," courts are required to evaluate a petitioner's diligence "before, during, and after the extraordinary circumstance existed before granting relief…." *Smith v. Davis*, 953 F.3d 582, 589, 601 (9th Cir. 2020).

/////

Accordingly, IT IS HEREBY ORDERED that:

1. To the extent movant is requesting that the court respond to an alleged motion filed by him and pending before this court for 4 years, the motion is denied as having no factual basis.

2. To the extent movant's filing may be construed as potentially raising an issue or issues that are properly cognizable by way of § 2255 motion or for habeas relief by way of a petition for habeas relief filed under § 2241, petitioner is granted until September 22, 2021:

    a. to file notice he is electing to have the court construe his July 27, 2021 filing as a motion under 28 U.S.C. § 2255; or

    b. to amend his filing to the extent permitted under the law, for the purpose of having the amended filing considered by the court as a § 2255 motion and/or a petition for habeas relief brought under 28 U.S.C. § 2241; or

    c. to decline to have the court construe the present filing as a habeas petition.

3. If movant fails to respond to this order by September 22, 2021, the court will deem that movant has elected *not* to have the court construe the present filing as a motion for habeas relief, and the motion will be terminated without further consideration by the court.

IT IS SO ORDERED.

Dated:   **August 27, 2021**

UNITED STATES DISTRICT JUDGE